## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD

**DUSTIN C. LAWSON,**

       **Petitioner,**

**v.**                                    **Case No. 1:19-cv-00364**

**FCI MCDOWELL WARDEN,**

       **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### BACKGROUND AND PETITIONER'S CLAIMS

According to his criminal docket sheet in the United States District Court for the Eastern District of Kentucky, on December 11, 2013, the petitioner pled guilty, pursuant to a written plea agreement, to one count of Conspiracy to Distribute Oxycodone, in violation of 21 U.S.C. §§ 841(a)(1) and 846. *United States v. Lawson*, No. 6:13-cr-00032-GFVT-HAI-2, Nos. 131-133, 174 (E.D. Ky. Dec. 11, 2013). On April 16, 2014, the petitioner was sentenced to 40 months in prison, followed by a three-year term of supervised

release.  *Id.*, ECF No. 174.[1]  The petitioner completed his term of imprisonment and was released to his term of supervised release.

As pertinent here, the sentencing court subsequently found that the petitioner violated the terms of his supervised release.  Consequently, on August 6, 2018, the sentencing court revoked the petitioner's term of supervised release and sentenced him to serve 24 months in prison on one violation report, and a concurrent term of one year and one day on a second violation report, with no further term of supervised release to follow.  *Id.*, ECF No. 329.  On May 8, 2019, the petitioner filed the instant petition seeking habeas corpus relief based upon alleged constitutional errors during his supervised release revocation proceedings.

## ANALYSIS

The petitioner's claims clearly challenge the constitutionality of his revocation proceedings and the resulting judgment, and not the manner in which his sentence is being executed.  Supervised release revocation and sentences imposed in such proceedings are continuations of the original criminal proceeding.  *See Milnes v. F.P. Samples*, 861 F.2d 265 (4th Cir. 1988).  Consequently, challenges concerning such proceedings must be brought, if at all, in the court of conviction and sentencing pursuant to 28 U.S.C. § 2255.  *See, e.g., Milnes*, 861 F. 2d 265, at *3 (citing *Napoles v. United States*, 536 F.2d 722, 726 (7th Cir. 1976); *United States v. Condit*, 621 F.2d 1096, 1097 (10th Cir. 1980); *Myles v. Cross*, No. 1:09-cv-00132, 2010 WL 3120106, at * 2 (N.D. W. Va. Aug. 4, 2010) (Keeley, J.)

---

[1]  The petitioner's Judgment Order was entered on April 18, 2014.

2

Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction, which, in this case, is the United States District Court for the Eastern District of Kentucky.  Normally, a section 2255 motion filed in a court other than the sentencing court should be transferred to the sentencing court.

28 U.S.C. § 2241, on the other hand, is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative, or supplemental remedy to that provided in section 2255, unless the petitioner can show that the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention.  *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241.").  *In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause."  The fact that relief under section 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of the petitioner's detention.  *Id.* at 332.

Thus, before considering the petitioner's section 2241 petition on its merits, the court must first determine whether the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention in order that he may pursue such relief under section 2241 in this federal court.  The United States Court of Appeals

3

for the Fourth Circuit has established a three-factor analysis for making this determination. The remedy under section 2255 is inadequate or ineffective when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the petitioner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333-334. As further noted by the Court in *Rice v. Rivera*:

> In short, under the *Jones* rule a federal prisoner is entitled to pursue a § 2241 motion only when he had no opportunity to utilize a § 2255 motion to take advantage of such a change in the applicable law. If, conversely, the prisoner has an unobstructed procedural shot at filing a § 2255 motion to take advantage of such a change, a § 2241 motion is unavailable to him, and any otherwise unauthorized habeas motion must be dismissed for lack of jurisdiction.

617 F.3d 802, 807 (4th Cir. 2010). The petitioner herein cannot satisfy the *Jones* criteria for review of his claims under the savings clause because the substantive law of the circuit governing his sentencing court has not changed with respect to those claims. Thus, to the extent that the petitioner may seek any relief on his claims, such relief must be pursued under section 2255 in his court of conviction and sentencing.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the petitioner has failed to demonstrate that section 2255 is inadequate or ineffective to test the legality of his detention and, thus, his claim is not proper for consideration under 28 U.S.C. § 2241. Therefore, the undersigned further proposes that the presiding District Judge **FIND** that this court lacks jurisdiction to review the petitioner's claim contained in his section 2241 petition.

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the petitioner's Petition for a Writ of Habeas Corpus

under 28 U.S.C. § 2241 (ECF No. 1) and this civil action for lack of jurisdiction. Alternatively, the undersigned proposes that the presiding District Judge construe this petition as a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 and **TRANSFER** it to the United States District Court for the Eastern District of Kentucky, where it could have been brought.

The petitioner is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the petitioner shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  A copy of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to the petitioner.

May 28, 2019

Dwane L. Tinsley
United States Magistrate Judge