# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT BLUEFIELD

**DUSTIN C. LAWSON,**

    **Plaintiff,**

**v.**                                                    **Civil Action No: 1:19-00364**

**FCI MCDOWELL WARDEN,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

By Standing Order, this matter was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge submitted his proposed findings and recommendations ("PF&R") on May 28, 2019. In the PF&R, Magistrate Judge Tinsley recommended that the court dismiss plaintiff's petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and dismiss this matter from the court's docket. In the alternative, the PF&R recommended that this court construe the motion as a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 and transfer it to the United States District Court for the Eastern District of Kentucky.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Tinsley's Findings and Recommendation. The failure of any party to file such objections constitutes a waiver of such party's right to a

de novo review by this court.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985).  Moreover, this court need not conduct a de novo review when a petitioner "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

Plaintiff filed objections to the Proposed Findings and Recommendation on June 12, 2019.  The court has conducted a de novo review of the record as to those objections.  See 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.").

Lawson, who at the time he filed the instant action, was in federal custody at FCI McDowell, a BOP facility in the Southern District of West Virginia.  Lawson was serving a term of imprisonment based upon the revocation of his term of supervised release in the Eastern District of Kentucky.  Magistrate Judge Tinsley concluded that Lawson's challenge to the revocation of his supervised release should be brought in the court of conviction via a motion under 28 U.S.C. § 2255.  The PF&R acknowledged the § 2255 savings clause but concluded that Lawson

was unable to show that § 2255 was inadequate or ineffective to address Lawson's claims.

Lawson objects to the PF&R's ultimate conclusion that his claims are not cognizable in § 2241. In so doing, he relies on a portion of the Advisory Committee Notes to Rule 1 of the Rules Governing Section 2255 Proceedings which states: "The challenge of decisions such as the revocation of probation or parole are not appropriately dealt with under 28 U.S.C. § 2255, which is a continuation of the original criminal action. Other remedies, such as habeas corpus, are available in such situations." Based on the foregoing, Lawson contends that "[i]t is clear that § 2241 is the correct vehicle for this circuit to rule in favor of petitioner. (Exhibits 4 + 5) clarif[y] the discrepancy and therefore petitioner objects to transfer his petition to the Eastern District of Kentucky 6th Circuit where the violations occurred that the petitioner has addressed in his § 2241." ECF No. 8 at 3-4.

Motions under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. See Hahn v. Moseley, 931 F.3d 295, 300 (4th Cir. 2019) ("Generally, defendants who are convicted in federal court must pursue habeas relief from their convictions and sentences through the procedures set out in 28 U.S.C. § 2255."). The remedy under

3

§ 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255.

"Nonetheless, § 2255 includes a 'savings clause' that preserves the availability of § 2241 relief when § 2255 proves `inadequate or ineffective to test the legality of a [prisoner's] detention.'" Hahn, 931 F.3d at 300 (quoting 28 U.S.C. § 2255(e)); see also In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves `inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). "In determining whether to grant habeas relief under the savings clause, [a court should] consider (1) whether the conviction was proper under the settled law of this circuit or Supreme Court at the time; (2) if the law of conviction changed after the prisoner's direct appeal and first § 2255 motion; and (3) if the prisoner cannot meet the traditional § 2255 standard because the change is not one of constitutional law." Hahn, 931 F.3d at 300-01 (citing In re Jones, 226 F.3d at 333-34).

The plaintiff bears the burden of showing the inadequacy or ineffectiveness of a § 2255 motion. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under § 2255 is barred procedurally or by the gatekeeping requirements of § 2255 does not render the remedy of § 2255 inadequate or ineffective. See In re Jones, 226 F.3d at 332-33; Young v. Conley, 128 F.

4

Supp.2d 354, 357 (S.D.W. Va. 2001); see also Cradle v. United States, 290 F.3d 536, 538-39 (3d Cir. 2002) ("It is the inefficacy of the remedy, not the personal inability to use it, that is determinative. Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.") (citations omitted). A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion. Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

Courts have considered the aforementioned advisory committee note and, nevertheless, rejected the notion that probation and supervised release revocation proceedings are not appropriately dealt with under § 2255. With respect to the advisory committee note upon which Lawson relies, the United States Court of Appeals for the Fourth Circuit stated:

> While we agree with the advisory committee notes that habeas corpus, i.e. a § 2241 petition, is appropriate to challenge a parole revocation, we are unpersuaded that the § 2255 remedy is inappropriate for probation revocations. Unlike parole revocations, probation revocation proceedings are continuations of the original criminal proceeding. A decision to grant or revoke parole does not require the participation of the sentencing court. Parole decisions are part of the execution of the sentence after it is imposed, rather than the imposition of the sentence. A probation revocation, on the other hand, requires the sentencing

5

> court responsible for supervising the probationer to
> determine if the conditions or terms of the probation
> have been violated. The relevant parties, witnesses,
> and records will be more accessible to the sentencing
> court than to a court whose only connection to the
> challenged proceeding is the petitioner's presence in
> this court's jurisdiction. Furthermore, upon a
> challenge to probation revocation, the court whose
> proceedings are being attacked should be given the
> first opportunity to correct its own errors.
>
> We therefore hold that jurisdiction over
> challenges to probation revocation proceedings and
> sentences imposed subsequent to such proceedings lies
> in the "court whose proceedings are being attacked."
> Napoles v. United States, 536 F.2d 722, 726 (7th Cir.
> 1976); United States v. Condit, 621 F.2d 1096, 1097
> (10th Cir. 1980). Unless a petitioner shows that a §
> 2255 motion is an inadequate or ineffective avenue to
> provide review over alleged deficiencies in the
> probation revocation decision, any challenge to the
> revocation proceeding or to a sentence imposed after
> revocation of probation must be by a § 2255 motion and
> not a § 2241 petition.

Milnes v. Samples, 861 F.2d 265, at *2-3 (4th Cir. 1988); see also United States v. Wren, 682 F. Supp. 1237, 1238 n.1 (S.D. Ga. 1988) ("When a defendant challenges the constitutionality of his revocation proceeding, however, he is challenging one aspect of the continuing criminal case against him. The interested witnesses, parties and documents will all be found in the sentencing court."). In affirming the district court's dismissal of a § 2241 petition challenging the revocation of probation, the United States Court of Appeals for the Seventh Circuit stated that "we need not mechanically apply the Advisory Committee's directions if it makes no sense to do so. This is such a case." Wood v. Jenkins, 914 F.2d 260, *3 (7th Cir. 1990).

6

Courts have likewise concluded that, the advisory committee note notwithstanding, challenges to supervised release revocations are properly brought pursuant to 28 U.S.C. § 2255. See Loiseau v. United States, Criminal Action No. 3:15CV417, 2016 WL 5019165, at *2 (E.D. Va. Sept. 16, 2016) ("[T]his Court's decision to revoke Loiseau's supervised release and to impose a new 46-month prison term was reviewable by means of a § 2255 motion."); Lerma-Duenas v. Atkinson, Civil Action No. 0:13-cv-01076-RBH, 2013 WL 5596913, *3 (D.S.C. Oct. 11, 2013) ("Petitioner seeks relief from his federal supervised release violation conviction and sentence. Thus, the relief he requests is only available, if at all, under § 2255, unless that statute is shown to be inadequate and ineffective to test the legality of the Petitioner's detention."); Littlejohn v. Mitchell, C/A No. 2:10-00843-RBH-RSC, 2010 WL 1737113, * 1 (D.S.C. Apr. 14, 2010) (dismissing § 2241 petition challenging the revocation of petitioner's probation or supervised release).

Based on the foregoing, and the fact that Lawson "has not shown that § 2255 is an inadequate or ineffective vehicle for obtaining the review he seeks", Milnes, 861 F.2d at *3, this action should be dismissed for lack of jurisdiction.

Having reviewed the Findings and Recommendation filed by Magistrate Judge Tinsely, the court hereby **OVERRULES** plaintiff's objections and adopts the findings and recommendations contained

7

therein. Accordingly, the court hereby **DISMISSES** plaintiff's petition under 28 U.S.C. § 2241 and directs the Clerk to remove this case from the court's active docket.[*]

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff, pro se, and counsel of record.

---

[*] Lawson filed several motions after the PF&R was entered, including: 1) Application to Proceed Without Prepayment of Fees or Costs (ECF No. 6); 2) Motion to Amend Petition for Writ of Habeas Corpus (ECF No. 7); and Motion to Expedite (ECF No. 11). The motion to amend elaborates on the merits of the revocation of Lawson's term of supervised release but not this court's jurisdiction to entertain his claim. These motions are **DENIED.**

8

**IT IS SO ORDERED** this 30th day of March, 2020.

                                    *David A. Faber* (signature)
                                    David A. Faber
                                    Senior United States District Judge